NOT RECOMMENDED FOR PUBLICATION
File Name: 20a0721n.06

No. 20-3760

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

**FILED**
Dec 29, 2020
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE |
| DIONTE THOMPSON, | ) | NORTHERN DISTRICT OF |
| | ) | OHIO |
| Defendant-Appellant. | ) | |
| | ) | |

Before: SILER, GIBBONS, and KETHLEDGE, Circuit Judges.

KETHLEDGE, Circuit Judge. Dionte Thompson appeals the district court's denial of his motion for compassionate release. We reject his arguments and affirm.

Thompson pled guilty in 2015 to one count of conspiracy to distribute heroin in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(C). At his sentencing, the district court credited, among other things, Thompson's acceptance of responsibility, his difficult upbringing, his history of substance abuse, and his desire for treatment. But the court also considered that Thompson had distributed between 20 and 40 grams of heroin, that he had been convicted of drug offenses before, and that he had promptly returned to dealing drugs each time that he had been released from prison. The court found that Thompson was a career offender and sentenced him to 151 months' imprisonment, which was the bottom of Thompson's guidelines range.

In May 2020, Thompson moved for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Thompson primarily alleged that he suffered from asthma, which he said increased his COVID-19 risk and thus amounted to "extraordinary and compelling" circumstances

that warranted a sentence reduction. He also asserted that his prison had inadequate quarantine procedures, and that he had made substantial progress toward a GED degree. In response, the government recited the various steps the Bureau of Prisons had taken to respond to the COVID-19 pandemic. The government also argued that Thompson would still pose a danger to the community if released.

The district court denied Thompson's motion in a form order, in which the court said it had "consider[ed] the applicable factors set forth in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission to the extent they are relevant[.]" The court also found that Thompson had not presented his asthma claim "in his original [*i.e.*, pro se] motion" and that his claim was "not supported by [the] record or medical documentation." The court further noted Thompson's significant criminal history and that his prior sentences had not deterred him from returning promptly to crime. The court therefore concluded that Thompson had not presented extraordinary and compelling reasons for relief.

We review the district court's denial of Thompson's motion for an abuse of discretion. *See United States v. Jones*, 980 F.3d 1098, 1112 (6th Cir. 2020). Thompson now argues that the district court did not consider the merits of his asthma claim. But Thompson overlooks that the order itself noted that he had no medical record of having asthma. And though Thompson concedes that his asthma claim was the "focal point" of his § 3582 motion, Thompson does not dispute even now that he presented no evidence of having asthma and had never before claimed to have it.

Thompson likewise argues that the district court gave no consideration to Thompson's completion of over 550 hours of GED programming while in prison. As an initial matter, we entirely agree with Thompson that his academic record in prison has been exemplary. But the

district court stated in its order that it had conducted a "complete review" of Thompson's motion "on the merits."

That does leave the question whether the district court "adequately explain[ed] the chosen sentence to allow for meaningful appellate review[.]" *Gall v. United States*, 552 U.S. 38, 50 (2007). In determining the adequacy of the court's explanation, we consider the entire record, including the transcript of Thompson's original sentencing hearing and the order denying the motion. *See Chavez-Meza v. United States*, 138 S. Ct. 1959, 1966-67 (2018). Here, the judge who sentenced Thompson was the same judge who denied his motion for compassionate release. The record shows that, during Thompson's 2015 sentencing, the judge thoroughly considered all the relevant § 3553(a) factors. And as for the motion itself, the court provided reasons that more than adequately explained why Thompson had not shown extraordinary and compelling circumstances warranting his early release from prison. Those reasons, moreover, make clear that the district court did not abuse its discretion.

The district court's July 6, 2020 order is affirmed.